Case: 1:26-mj-00201
Assigned To : Upadhyaya, Moxila A.
Assign. Date : 11/3/2026
Description: COMPLAINT W/ARREST WARRANT

# STATEMENT OF FACTS

I am a Task Force Officer of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (thereinafter, "ATF") assigned to the Strategic Task Force of Narcotics and Guns Initiative. I make this affidavit in support of a criminal complaint because there is probable cause to believe that Troy COVINGTON, Jr. committed a violation of 18 U.S.C. § 922(g)(1) and § 922(i) in the District of Columbia.

This affidavit is submitted for the limited purpose of establishing probable cause and does not contain all facts known to me or to other investigators involved in this matter. Because I was not present at the scene of the defendant's arrest, the information contained herein is based on my investigation, which included reviewing reports, speaking with other investigators, and examining body-worn camera footage from investigators with personal knowledge of the events described.

Based on my investigation, I learned the following:

On October 28, 2026, at approximately 12:36 p.m., officers with the Prince George's County Police Department ("PGPD") responded to 4100 Rhode Island Avenue, Apartment 316, Brentwood, Maryland, regarding the reported theft of a Metro Transit Police Department ("MTPD") officer's department-issued firearm. The complainant, hereinafter referred to as "CW1," whose identity is known to law enforcement, reported that her department-issued SIG Sauer 9mm semiautomatic pistol, bearing serial number 58C460329 and equipped with a weapon-mounted light, had been stolen from her residence. At the time of the theft, the firearm was loaded

with a magazine containing seventeen (17) rounds of ammunition and an additional round in the chamber.

During an interview with PGPD Detective T. Barnes, CW1 reported that during the early morning hours of October 28, 2026, a male acquaintance known to her as "Troy" visited her apartment. According to CW1, Troy arrived at approximately 3:11 a.m., and the two engaged in a brief conversation before CW1 fell asleep on her living room couch. CW1 explained that she had intentionally closed her bedroom door before falling asleep and that her department-issued firearm was secured in its holster on her duty belt inside her bedroom closet. When CW1 awoke later that morning, Troy had departed. While preparing to leave her apartment, CW1 noticed that her duty belt had been repositioned and discovered that her firearm was missing from its holster. CW1 advised that Troy was the only individual, other than herself, who had been inside her apartment during the relevant period and that no other property was missing.

After discovering the firearm was missing, CW1 attempted to contact Troy by telephone at approximately 11:21 a.m. CW1 reported that Troy repeatedly answered and immediately disconnected her calls. Following several unsuccessful attempts to speak with him, CW1 received a text message from Troy stating, "I'll give you another one, if anything." CW1 interpreted the message as an acknowledgment that Troy had taken or otherwise possessed her missing firearm.

Based upon the physical description and identifying information provided by CW1, Detective Barnes identified Troy as Troy COVINGTON (DOB: [redacted] Detective Barnes subsequently presented CW1 with a known photograph of

COVINGTON, and CW1 positively identified him as the individual who had been inside her apartment during the period in which her firearm disappeared. Investigators also obtained cellular-location information associated with COVINGTON's telephone, which indicated that his device arrived in the vicinity of CW1's residence at approximately 3:11 a.m. on October 28, 2026, and departed at approximately 5:00 a.m., corroborating CW1's account of his presence at the residence.

Further investigation established that COVINGTON resided at 90 L Street NW, Unit A, Washington, D.C. 20001 (hereinafter, the "TARGET LOCATION"). Investigators identified the TARGET LOCATION as COVINGTON's residential address through multiple independent records, including his District of Columbia driver's license, automobile insurance records, and records maintained by the Court Services and Offender Supervision Agency ("CSOSA"). Additionally, court-authorized cellular geolocation information repeatedly placed COVINGTON's cellular device in the vicinity of the TARGET LOCATION during daytime and overnight hours. On October 30, 2026, PGPD investigators conducting surveillance also personally observed COVINGTON outside the TARGET LOCATION.

As a result of the investigation, PGPD obtained an arrest warrant for COVINGTON charging him with multiple firearms-related offenses arising from the suspected theft and unlawful possession of CW1's department-issued firearm. On November 2, 2026, PGPD fugitive investigators apprehended COVINGTON at a scheduled appointment with his CSOSA supervising officer in Washington, D.C. At the time of his arrest, COVINGTON was not in possession of CW1's stolen firearm.

On November 2, 2026, law enforcement officers obtained and executed a Superior Court for the District of Columbia emergency search warrant No. 2026CSWSLD004915 at the TARGET LOCATION. During the search, investigators recovered CW1's stolen department-issued SIG Sauer 9mm semiautomatic pistol, bearing serial number 58C460329, from a dresser drawer located inside COVINGTON's bedroom. A seventeen round magazine was inserted into the pistol and was loaded with 9mm ammunition. The ammunition, Speer 9mm Luger, is the same ammunition issued to and carried by MTPD personnel. Investigators also observed and photographed multiple pieces of mail addressed to COVINGTON within the bedroom, as well as his District of Columbia driver's license, which was located on top of the dresser containing the firearm. Further, during the execution of the warrant, COVINGTON's mother identified the rear ground floor bedroom as her son Troy's room. The image below depicts the stolen handgun recovered from COVINGTON's dresser drawer.



The image below depicts COVINGTON's Washington, D.C., Learners Permit that was located on top of the dresser in which the stolen handgun was recovered.




The firearm appeared to be fully functional, able to expel a projectile by means of an explosion, had a barrel length of less than twelve inches, and capable of being fired with the use of one hand.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, there is probable cause to believe that the firearm and ammunition described above traveled in interstate commerce before they were recovered in the District of Columbia.

A government records check revealed the following image of the defendant in the Metropolitan Police Department's booking database:



A criminal history records check revealed that the COVINGTON was convicted of the following crimes, which are punishable by imprisonment for a term exceeding one year:

On May 3, 2019, COVINGTON was convicted in the Superior Court for the District of Columbia of Burglary One under case no. 2018 CF3 005653 and received a sentence of 60 months of incarceration and 5 years of supervised release.

Accordingly, on the date COVINGTON possessed the firearm and ammunition in this case, COVINGTON was aware that he had been previously convicted of a crime that was punishable imprisonment by more than a year.

Based on the facts contained in this affidavit, there is probable cause to believe the following: On or about November 2, 2026, in the District of Columbia, the defendant, Troy COVINGTON, Jr., knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(8); and that COVINGTON transported in interstate commerce, by transporting the firearm from Maryland to Washington, D.C., a firearm he knew to be stolen, in violation of 18 U.S.C. §§ 922(i).

Det. Brandon Twentymon
ATF Task Force Officer
Bureau Of Alcohol, Tobacco, Firearms and Explosives

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on November 3, 2026.*

THE HONORABLE MOXILA A. UPADHYAYA
U.S. MAGISTRATE JUDGE